**STATE of Minnesota, Respondent,**

v.

**Billy Glen YATES, Jr., Appellant.**

**No. C8–86–20.**

Court of Appeals of Minnesota.

Aug. 12, 1986.

Review Denied Sept. 22, 1986.

Hubert H. Humphrey, III, Atty. Gen., Janet A. Newberg, Sp. Asst. Atty. Gen., St. Paul, Robert Kelly, Washington Co. Atty., Stillwater, for respondent.

C. Paul Jones, State Public Defender, Kathy King, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by SEDGWICK, P.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Appellant Billy Yates was convicted of assault in the second degree, Minn.Stat. §§ 609.222, 609.11, subd. 5 (1984), for shooting at a police officer trying to arrest him following a domestic disturbance. Appellant claims the trial court erred in refusing to admit expert testimony and in admitting a prior conviction for impeachment. We affirm.

## FACTS

On January 30, 1985 Forest Lake Police Officer Mike Aschenbrener and Washington County Deputy Sheriff Earl Adams responded to a domestic disturbance call at the Yates home. Appellant's wife, Mary Ann, told them she wanted to leave and wanted to take some items with her but appellant would not let her remove anything. Mary Ann testified she was angry at appellant for being late from work and drinking alcoholic beverages. Appellant was belligerent toward the officers, cursing at them and telling them they had no right to be there. Officer Aschenbrener talked with Mary Ann alone for a few minutes and appellant was then advised that no charges would be filed if appellant would let his wife leave. Appellant became more agitated and said he could not go to jail and that his wife was not taking anything.

The officers then informed appellant that he was under arrest for domestic abuse. As Officer Aschenbrener stepped towards appellant, appellant reached behind his back and pulled out a gun. According to the officers appellant raised the gun, pointed it at Deputy Adams, then lowered it and fired it into the floor. Appellant then lowered the gun to his side and screamed for the officers to back off and leave. Appellant eventually calmed down and put the gun on the floor. He was taken into custody.

Appellant was charged with assault in the second degree. Appellant testified that he had consumed a substantial quantity of alcohol that day and had taken Talwin, a prescription pain reliever. Appellant testified that he had taken the medication for a bad back. Appellant claimed he did not point the gun at Deputy Adams. Instead, he claimed he withdrew the gun to place it to his head to commit suicide, but as he pulled it out the gun accidentally discharged. Appellant was found guilty as charged and sentenced to a prison term of 18 months.

## ISSUES

1. Did the trial court err in refusing to admit expert testimony on the issue of appellant's intent?

2. Did the trial court properly admit appellant's prior burglary conviction for impeachment purposes?

## ANALYSIS

### I.

Prior to trial appellant offered the testimony of Dr. Boyum, an orthopedic surgeon. Dr. Boyum would have testified that for over a year prior to the incident he had treated appellant for work-related injuries. Dr. Boyum would have testified that he prescribed Talwin for appellant's pain and would have testified about the depressive effects of alcohol consumption intermixed with Talwin. The testimony was offered on the question of appellant's specific in-

tent. The trial court granted the State's motion in limine to prevent Dr. Boyum from testifying.

Also prior to trial appellant offered the testimony of Dr. Cronin, a forensic psychologist. Dr. Cronin treated appellant for depression in August 1985 and would have testified about appellant's present condition. Appellant intended to ask Dr. Cronin a hypothetical question "whether or not an individual with certain conditions, certain symptoms, would tend to or be likely to evidence suicidal tendencies." This too was offered as relevant evidence regarding appellant's intent. The trial court granted the State's motion in limine to prevent Dr. Cronin from testifying.

The trial court's rulings were correct. "[I]ntent is primarily a question of fact for the jury to decide on the basis of their experiences in life and common sense. Expert testimony on capacity could only be admitted when a defendant raised the insanity defense." *State v. Fratzke*, 354 N.W.2d 402, 409 (Minn.1984). *See State v. Bouwman*, 354 N.W.2d 1, 9 (Minn.1984) (*Bouwman II*); *State v. Brown*, 345 N.W.2d 233, 238 (Minn.1984); *State v. Bouwman*, 328 N.W.2d 703 (Minn.1982) (*Bouwman I*). Juries are capable of evaluating the possible effects of intoxicants on a defendant's ability to form an intent. Dr. Boyum's testimony, offered on the issue of appellant's specific intent, was not admissible at trial. Appellant requests this court to reconsider *Bouwman I* and adopt the dissenting opinion in that case. We decline to do so.

In addition Dr. Cronin's testimony was excluded on the ground that it was speculative and would not have helped the jury. This is a discretionary ruling and no abuse of discretion is evident.

## II.

The trial court ruled that appellant's 1976 burglary conviction was admissible for impeachment. Under factors noted in *State v. Jones*, 271 N.W.2d 534 (Minn. 1978), we find no abuse of discretion. Ap-

pellant has forfeited his contention that the court erred in not giving a cautionary instruction on the use of the conviction for credibility because he failed to request a cautionary instruction and failed to object to the lack of such instruction. *State v. Wahlberg*, 296 N.W.2d 408, 420 (Minn. 1980). "The law is well settled in this state, however, that the failure to give such an instruction, absent a request by counsel, is not reversible error." *State v. Amos*, 347 N.W.2d 498, 503 (Minn.1984).

## DECISION

Appellant's conviction for assault in the second degree is affirmed.